# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CAROL A. WILSON, *etc., et al.*, | ) | CASE NO. 2:17-cv-00671 |
| Plaintiffs, | ) ) | JUDGE GRAHAM |
| v. | ) ) | |
| KURTZ BROS., INC., | ) ) ) | **DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' AMENDED COMPLAINT** |
| Defendant. | ) ) | |

Now comes the Defendant, Kurtz Bros., Inc., by its undersigned counsel, and for its Answer to Plaintiffs' Amended Complaint, states as follows:

1. Defendant admits that this Court has jurisdiction over the claims in this case and that venue is proper in this Court, but denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7. Defendant admits that it is an Ohio Corporation with its principal place of business in Independence, Ohio, but denies the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9. The allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint are legal conclusions which require neither admission nor denial.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendant admits that it may contributions on behalf of its employees who were covered by the applicable agreements it executed, but denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendant admits that it has not allowed Plaintiffs to audit books and records for employees who are not subject to agreements that were entered into by Defendant, and denies the remaining allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint.

15. In response to Paragraph 15 of Plaintiffs' Amended Complaint, Defendant restates its responses to Paragraphs 1 through 14 above, and denies the remaining allegations contained therein.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint.

17. In response to Paragraph 17 of Plaintiffs' Amended Complaint, Defendant restates its responses to Paragraphs 1 through 16 above, and denies the remaining allegations contained therein.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint.

19. In response to Paragraph 19 of Plaintiffs' Amended Complaint, Defendant restates its responses to Paragraphs 1 through 18 above, and denies the remaining allegations contained therein.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21. In response to Paragraph 21 of Plaintiffs' Amended Complaint, Defendant restates it responses to Paragraphs 1 through 20 above, and denies the remaining allegations contained therein.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendant denies that Plaintiff is entitled to any of the relief set forth in the various prayers for relief contained in Plaintiffs' Amended Complaint.

24. Defendant denies each and every allegations of Plaintiffs' Complaint not specifically admitted hereinabove.

## ADDITIONAL DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiffs claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

3. Defendant was not bound to a collective bargaining agreement for the period during which contributions are sought.

4. Defendant was not obligated to make contributions to Plaintiff Fund during the period in question.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded its attorney's fees and costs in this case.

## COUNTERCLAIMS

Now comes Defendant Kurtz Bros., Inc., by and through its undersigned counsel, and for its Counterclaims against Plaintiffs hereby states as follows:

1. Defendant's employees performed work under the Satellite Agreement (Exhibit B to Plaintiffs' Amended Complaint), including prior versions

of such agreement, from the late 1980s until early 2012, when all such work ceased. After the cessation of that work, Defendant notified Plaintiffs that the Satellite Agreement was terminated on January 4, 2014. Plaintiffs determined that Defendant had completely withdrawn from the applicable Plans, and on June 17, 2014 they assessed withdrawal liability against Defendant for such complete withdrawal in the total amount of $401,157. Defendant has made quarterly payments of the assessed withdrawal liability while challenging same, as required by 29 U.S.C. §1399(c).

2. On September 15, 2014, Defendant, through counsel, requested review of Plaintiff's withdrawal liability determination. Plaintiffs responded to that request for review, though counsel, on January 15, 2015.

3. Plaintiffs did not have a policy relating to arbitration procedures to be followed with respect to a challenge to a withdrawal liability assessment. On March 12, 2015, Defendant initiated arbitration regarding Plaintiffs' withdrawal liability determination, pursuant to 29 U.S.C. §1401. Plaintiffs and Defendant, through counsel, agreed to a process for selecting an arbitrator. Counsel for each party exchanged a list of potential arbitrators. The parties, through counsel, agreed to utilize Lawrence Feheley as the arbitrator to hear the Defendant's appeal of the withdrawal liability determination. Arbitrator Feheley accepted the appointment as the arbitrator. The parties engaged in written discovery relating to that arbitration.

4. On August 25, 2016, Defendant's counsel requested Arbitrator Feheley to issue a subpoena in connection with certain information being sought

in connection with the arbitration. On August 26, 2016, Arbitrator Feheley advised the parties that he could no longer serve as an arbitrator in this matter.

5. The Plaintiffs, through their counsel, initially indicated that a new arbitrator would need to be selected and that Plaintiffs would consider one of the other arbitrator previously identified by counsel for the parties. At the same time, Plaintiffs through their counsel, requested an audit which is the subject of Plaintiffs' Amended Complaint. Subsequently, Plaintiffs' counsel suggested that the parties might want to consider using the process for selecting an arbitrator established by the American Arbitration Association. The selection of an arbitrator under the AAA procedure would cause Defendant to incur significant additional expense not previously required.

6. The parties engaged in some efforts to resolve their disputes. When it was apparent those efforts would not be successful, Defendant's counsel communicated with Plaintiffs' counsel regarding the method for selecting an arbitrator to proceed with arbitration of the withdrawal liability claim. Plaintiffs' counsel advised Defendant's counsel that it was Plaintiffs position that any effort to pursue that withdrawal liability claim by the selection of a replacement arbitrator was untimely. Plaintiffs through their counsel, have refused to select a replacement arbitrator to hear the withdrawal liability claim and to otherwise proceed with the arbitration which was previously initiated by Defendant.

## COUNT I

7. Defendant restates the allegations contained in Paragraphs 1-6 above as if fully stated herein.

8. Defendant properly initiated arbitration proceedings regarding Plaintiff's withdrawal liability claim pursuant to 29 U.S.C. §1401.

9. Subsequent to Arbitrator Feheley's withdrawal from that case, Plaintiffs have refused to select a new arbitrator and proceed with that arbitration.

10. Plaintiffs' actions violate 29 U.S.C. §1401.

11. Plaintiffs should be compelled to select a replacement arbitrator from the previous list exchanged between counsel for the parties and proceed with arbitration regarding their withdrawal liability determination and Defendant's challenges to same.

## COUNT II

12. Defendant restates the allegations contained in Paragraphs 1 through 11 above as if fully stated herein.

13. Plaintiffs have previously indicated that Defendant has completely withdrawn from the applicable Plans and assessed withdrawal liability based on that determination.

14. Plaintiffs should be estopped from seeking to now claim that Defendant should still be a contributing employer to the Plans.

15. Alternatively, if Defendant is determined to be a contributing employer to the Plans, then Plaintiffs should be estopped from collecting any withdrawal liability payments from Defendant and Plaintiffs should be required to repay to Defendant the full amount of all quarterly withdrawal liability payments previously made, which currently total $173,082.00 plus interest, and

also to pay to Defendant all attorney's fees incurred by Defendant in pursuing the withdrawal liability claim.

WHEREFORE, Defendant request that this Court issue an Order requiring Plaintiffs to select an arbitrator under the previously agreed process and proceed with arbitration of its withdrawal liability claim.  In addition, Defendant requests that this Court issue an Order dismissing Plaintiffs' claims in there Amended Complaint or, in the alternative, requiring Plaintiffs to dismiss their prior withdrawal liability determination and repay all withdrawal liability payments previously made by Defendant, and reimburse Defendant for its attorney's fees incurred in defending against those withdrawal liability claims.

Respectfully submitted,

/s/ *James D. Kurek*
James D. Kurek, *Trial Attorney* (0023523)
Jeffrey D. Smith (0078351)
FISHER & PHILLIPS LLP
9150 South Hills Boulevard, # 300
Cleveland, Ohio 44147
Telephone: (440) 838-8800
Fax: (440) 838-8805
jkurek@fisherphillips.com
jsmith@fisherphillips.com

*Attorneys for Plaintiff*

8

**CERTIFICATE OF SERVICE**

This is to certify that on foregoing *Defendant's Answer and Counterclaim to Plaintiffs' Amended Complaint* has been filed electronically.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's system.  Notice of this filing was also sent via email to:

Daniel J. Clark
Elizabeth B. Howard
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
djclark@vorys.com
ebhoward@vorys.com

*Attorneys for Plaintiffs*

                                                        /s/ *James D. Kurek*
                                                        James D. Kurek